**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RONNIE D. FULWOOD,**

       **Plaintiff,**

**v.**                          **Case No.  8:05-cv-175-T-17TBM**

**COMMERZBANK AG, et al.,**

       **Defendants.**
_____/

### O R D E R

THIS MATTER is before the court on the following motions:

(1) Plaintiff's **Motion, Pursuant to Fed. R. Civ. P. 37(a)(2) and in Accordance with Local Rule 3.04, Against Defendant Commerzbank for Order Compelling More Specific Interrogatory Responses to #s 4 & 5-25 and Production of Documents Identified in July 6, 2005, Deposition of Defendant Representative Julius Kimmle; and for Such Other Relief as the Court Deems Just and Equitable** (Doc. 100) and Defendant Commerzbank AG's response (Doc. 107);

(2) Plaintiff's **Motion to Electronically Remove Previously Filed Exhibit to Motion to Compel and to Re-file Under Seal** (Doc. 101) and Defendant Commerzbank AG's response (Doc. 107);

(3) Plaintiff's **Motion to File Deposition Transcripts of Julius Kimmle and Terrence Sweeney Under Seal for Consideration in Conjunction with Plaintiff's Rule 37 Motion to Compel** (Doc. 102) and Defendant Commerzbank AG's response (Doc. 107);

(4) Plaintiff's **Motion to File Deposition Transcript of Harry Peter Yergey Under Seal in Further Consideration with Plaintiff's Rule 37 Motion to Compel** (Doc. 103) and Defendant Commerzbank AG's response (Doc. 107); and

(5) Plaintiff's **Motion to File and Seal Defendant Commerzbank's 2nd Supplemental Responses - Dated July 28, 2005 - to Plaintiff's**

**Interrogatories for Court's Consideration in Further Support of (I) Plaintiff's Request for a Status Conference and (II) Plaintiff's Rule 37 Motion to Compel or for Other Relief - Court Doc. # 100** (Doc. 109) and Commerzbank AG's response (Doc. 110).

By his motion to electronically remove an exhibit from the record (Doc. 101), Plaintiff requests an Order removing Exhibit 2 from his motion to compel (Doc. 100) and allowing the same to be re-filed under seal. As grounds, Plaintiff alleges that the exhibit contains certain responses to interrogatories which, by way of the court's June 16, 2005, Order, were subject to a confidentiality agreement. Commerzbank does not respond with specificity to Plaintiff's motion.[1] Review of Exhibit 2 reveals that it is the type of information that the court previously directed be provided under a confidentiality agreement (Doc. 90 at 2-3), and Commerzbank relied on such in disclosing the information contained therein. At least pending arguments on the pending jurisdictional motion, Plaintiff's motion (Doc. 101) is GRANTED. The Clerk is directed to electronically delete Exhibit 2 in its entirety from Plaintiff's motion to compel (Doc. 100). The copy of Exhibit 2 which was delivered to chambers shall be filed under seal.

In a related motion (Doc. 109), Plaintiff requests that the court consider Commerzbank's second supplemental responses dated July 28, 2005,[2] when addressing his

---

[1] In its response to Plaintiff's motion to compel, Commerzbank states that "Plaintiff has actually filed three motions, two in the guise of seeking to file transcripts under seal, each taking the opportunity to criticize the Banks's discovery responses. These supplements to Plaintiff's motion are improper. This response is directed to all of these motions." (Doc. 107 at 2 n. 1). By its response, Commerzbank challenges Plaintiff's substantive attacks on its discovery responses, but it does not respond with any specificity to Plaintiff's motions to seal.

[2] Plaintiff's counsel, Edward Fagan, hand-delivered this to chambers on July 28, 2005.

motion to compel (Doc. 100), and he seeks an Order directing that such be filed under seal. Plaintiff further requests that the court allow him

> to convert the pending Motion to a Formal Motion for Sanctions and/or file a separate Motion for Sanctions and establishing a schedule for Plaintiff to provide supplemental Affidavits and Memoranda of Law in support thereof, that will not interfere with the existing deadline of August 12, 2005, . . . schedule a Status Conference at its earliest convenience . . .

(Doc. 109 at 5). Commerzbank does not oppose "filing or sealing" of its responses, and, while it does not oppose a status conference, it contends that one would not be beneficial. (Doc. 110). Because Commerzbank provided these responses under the agreement that such were confidential, Plaintiff's motion to seal the responses (Doc. 109) is GRANTED, and the document shall be filed under seal at least until such time as the jurisdictional motion is addressed to the court and the matters revealed in the response are made a part of the public record. In all other aspects, the motion is DENIED.

By his motions to file the deposition transcripts of Mssrs. Kimmle, Sweeney, and Yergey under seal (Docs. 102-03), Plaintiff requests that these transcripts be sealed and considered with regard to his motion to compel.[3] While Commerzbank does not respond with any particularity to Plaintiff's request, it is represented in the motions that counsel for Commerzbank designated the entirety of the depositions as confidential at the time of

---

[3]Plaintiff also moves to have the court "formally lift Commerzbank counsel's indiscriminate 'Confidentiality' designation of the entire transcripts, and information contained therein, as well as Ordering that confidentiality be lifted for certain specific documents related to Plaintiff Fulwood and Plaintiff Fulwood's bonds which are the subject of this litigation." (Doc. 103). Additionally, Plaintiff requests the opportunity to address issues pertaining to these three depositions at the hearing on Plaintiff's motion to compel.

depositions. Upon consideration, Plaintiff's motions (Docs. 102-03) are GRANTED to the extent that they seek to file the depositions under seal. The court has reviewed the depositions in connection with the motion to compel and agrees with Plaintiff that the entirety of the depositions do not deserve confidential status. However, for present purposes (review of a discovery motion), it is enough that they do contain some proprietary or business information which need not be made public at this time. As suggested above, matters related to Commerzbank's business dealings, such as the identity of its customers and the nature and extent of its business, particularly in Florida, will be revealed when the parties address the pending jurisdictional issue. Some of this business activity is already a matter of public record. In any event, at that time, the matters proffered in support of the relative positions of the parties are appropriately subject to public scrutiny and will, absent a showing of good cause to the contrary, become a matter of the public record of this court.

Finally, by way of his motion to compel (Doc. 100), Plaintiff seeks an expedited discovery conference and an Order (1) compelling Mr. Kimmle to provide a more specific response to Interrogatory No. 4, (2) compelling responses to Interrogatory Nos. 5-25 related to Commerbank's subsidiaries, divisions, affiliates, and related entities, and (3) directing Commerzbank to produce documents identified in Mr. Kimmle's deposition and/or its supplemental responses. The court has considered the additional submissions including transcripts of the Rule 30(b)(6) depositions. As for Interrogatory No. 4, although Commerzbank has chosen to identify certain documents in its supplemental responses, at this point there is no indication that those correspondences are in any way related to the issue of the court's personal jurisdiction over Commerzbank, which is the sole matter for which

discovery has been permitted. Because the court previously ruled that document production would not be required at this stage of the litigation absent a more particularized showing of need and because the documents in question do not appear to bear on the matter of personal jurisdiction, the motion is DENIED as to Interrogatory No. 4. Regarding Interrogatories Nos. 5-25, the Plaintiff makes no showing at present that the business activities of these subsidiaries (or alleged subsidiary) companies are relevant to the matter of the court's personal jurisdiction over the Defendant. It is the rule in this forum that, ". . . the presence of a subsidiary corporation within Florida is not enough [without more] to subject a non-Florida parent corporation to long-arm jurisdiction within this state." Greystone Tribeca Acquisition, L.L.C. v. Ronstrom, 863 So.2d 473, 476 (Fla. 2d DCA 2004) (citing Capital One Fin. Corp. v. Miller, 709 So.2d 639 (Fla. 2d DCA 1998); Phillips v. Orange Co., 522 So.2d 64 (Fla. 2d DCA 1988); Qualley v. Int'l Air Serv. Co., 595 So.2d 194 (Fla. 3d DCA 1992); McLean Fin. Corp. v. Winslow Loudermilk Corp., 509 So.2d 1373 (Fla. 5th DCA 1987)); see also Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1294 (11th Cir. 2000) (providing that a foreign parent corporation generally is not subject to the jurisdiction of a forum state simply because its subsidiary is doing business there). Here, Plaintiff has had a fair opportunity to discover Commerzbank's business activity in or directed at the State of Florida. It makes no showing, legal or otherwise, why additional discovery of its subsidiaries' contacts with the State is necessary. Plaintiff's motion (Doc. 100) is DENIED.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's **Motion, Pursuant to Fed. R. Civ. P. 37(a)(2) and in Accordance with Local Rule 3.04, Against Defendant Commerzbank for Order Compelling More Specific Interrogatory Responses to #s 4 & 5-25**

      **and Production of Documents Identified in July 6, 2005 Deposition of Defendant Representative Julius Kimmle; and for Such Other Relief as the Court Deems Just and Equitable** (Doc. 100) is **DENIED**;

(2)     Plaintiffs **Motion to Electronically Remove Previously Filed Exhibit to Motion to Compel and to Re-file Under Seal** (Doc. 101) is **GRANTED**;

(3)     Plaintiff's **Motion to File Deposition Transcripts of Julius Kimmle and Terrence Sweeney Under Seal for Consideration in Conjunction with Plaintiff's Rule 37 Motion to Compel** (Doc. 102) and **Motion to File Deposition Transcript of Harry Peter Yergey Under Seal in Further Consideration with Plaintiff's Rule 37 Motion to Compel** (Doc. 103) are **GRANTED in part**; and

(4)     Plaintiff's **Motion to File and Seal Defendant Commerzbank's 2nd Supplemental Responses - Dated July 28, 2005 - to Plaintiff's Interrogatories for Court's Consideration in Further Support of (I) Plaintiff's Request for a Status Conference and (II) Plaintiff's Rule 37 Motion to Compel or for Other Relief - Court Doc. # 100** (Doc. 109) is **GRANTED** to the extent set forth herein.

**Done and Ordered** in Tampa, Florida, this 3rd day of August 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record